[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant, Gene J. Lucadamo, executed a written contract for the construction of an in-ground swimming pool on the defendant's property at 139 Pond Road, Stamford. The agreement contained a contract price of $15,389. Although the date on the contract is 3/27/93, it was agreed that the contract was signed on 6/27/93. A subsequent change order, signed by Patricia Lucadamo, decreasing the size of the pool, reduced the contract price to $14,500.
The court finds that defendant Gene Lucadamo, received a package, including a Notice of Cancellation, at the time he signed the Agreement. The following sentence appears in paragraph three, on page one of the agreement, above the signature lines — "By signing below Customer acknowledges receipt of a completed copy of this Agreement and Notice of Cancellation.
Also, paragraph three contains the following notice in upper case type: "YOU, THE CUSTOMER, MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DATE OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT."
The Notice of Cancellation was given to Gene Lucadamo, as part of a "package", at the time he signed the agreement.
There is no question that the work contemplated by the Agreement is for a "Home Improvement" as defined by Conn. Gen.Stat. Sec. 20.419. Subparagraph (e) of the aforementioned Section further states that "Each home improvement contract entered into CT Page 1428-OOO shall be considered a home solicitation pursuant to chapter 740. . . ."
Defendant maintains that plaintiff's documentation fails to comply with Conn. Gen. Stat. 42-135a(3), in that the Notice of Cancellation does not state the date of the transaction and the cancellation date. Further, defendant maintains that the Notice of Cancellation was not attached to the contract in violation of Section 42-135a(2), but given to the defendant as part of a package. The "package" clearly provides the name and address of the seller's place of business.
The court finds that in this case the intent of the Legislature, to protect the public from fraud by unscrupulous home improvement contractors, has been satisfied.
It should be noted that the notice of recision, in a real estate refinancing transaction, is not attached to the note or the mortgage deed.
The defendant, Gene Lucadamo, testified that he called Mr. Thomas Nejame at the job site on the day of the boulder removal and was told "you're lucky the rocks came out easy". From this conversation Mr. Lucadamo concluded that there would be no additional charge. The plaintiff, Thomas Nejame, testified that the contract permitted him to incur site problem costs of up to $1,000.00, without customer approval. The Court agrees with Mr. Lucadamo. Plaintiff should have told Mr. Lucadamo of the additional charges during their phone conversation. The $1,000.00 charge is disallowed.
There was also conflicting testimony regarding the obtaining of the required building permit. Defendant testified that he made an unsuccessful attempt to obtain the permit and thereafter plaintiff volunteered to obtain the permit. The plaintiff's claim of $200.00, the cost to obtain the permit, is disallowed. Plaintiff is allowed to recover $140.00, the cost of the permits. Also there was conflicting testimony regarding the installation of a temporary fence. The Court finds that the fence installation was included in the contract price.
The Court finds that the pool was constructed substantially in accordance with the contract specifications. There were minor disputes regarding two dead shrubs and grading. CT Page 1428-PPP
The primary complaint of the defendants is the shape of the bottom of the pool. Mr. Nejame explained, to the satisfaction of the Court, that safety reasons would not permit a pool of the length in question, to be constructed with a bottom as diagramed by Mr. Lucadamo.
Defendant claims the agreement is invalid and unenforceable against the defendant, Patricia Lucadamo, pursuant to Conn. Gen.Stat. Sec. 20-429. The defendant, Gene Lucadamo, testified that he signed the original agreement and there was no dispute that defendant, Patricia Lucadamo, signed the change order. No evidence was introduced regarding the ownership of the property at 139 Pond Road.
The Court finds for the plaintiff on the first and second counts as follows:
 Pool $ 14,500.00 Permits $ 140.00 ----------- $ 14,640.00 Less Payment $ 7,325.00 ----------- $ 7,315.00
In addition, the Court awards interest at seven (7) percent from October 15, 1993 and counsel fees in the amount of $2,500.00. The defendant did not offer any evidence to substantiate their counterclaims nor did they offer any evidence of damages. Therefore, judgment for the plaintiff shall enter for the plaintiff on the counterclaims.
Dated at Stamford this 8th day of February, 1996.
RICHARD J. TOBIN, JUDGE